142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Curtis GOLSTON, Plaintiff-Appellant,
v.
Vijoya DASGUPTA and Linda M. Kleinsteiber, Defendants-Appellees.
 No. 97-2078.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 26, 1998*.
Decided Mar. 27, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 94 C 1405 William E. Callahan, Jr. Magistrate Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Curtis Golston argues that the defendants violated his Eighth Amendment rights by their deliberate indifference in scheduling surgery to cure his tarsal tunnel syndrome. The district court granted summary judgment to the defendants. While Golston had a serious medical need, the defendants did not act with deliberate indifference to his suffering. We affirm.
 
 
 2
 Golston complained to prison authorities on December 27, 1991 about pain in his right foot. At that time, Golston was incarcerated at the Racine Correction Institution. Golston was treated four times over the next six months by medical authorities in both the prison and at the University of Wisconsin Hospital. In July 1992, Golston was diagnosed with tarsal tunnel syndrome, a painful, non-life-threatening condition caused by a compression of the medial plantar nerve as it passes through a tunnel in the inner side of the right foot. Prison authorities were notified of the diagnosis soon afterwards. Golston's treatment began in September 1992, after unrelated health problems he had were treated.
 
 
 3
 In October 1992, Golston was transferred to Oakhill Correctional Institution, where he stayed until May 3, 1994. Dr. Dasgupta was a physician at Oakhill, and Nurse Kleinsteiber was Health Services Manager. Golston was originally scheduled for surgery to correct his tarsal tunnel syndrome on May 18, 1993. However, the surgeon canceled the appointment after a routine preoperative checkup disclosed blood in Golston's urine, and potential neurological problems. Ten months later, the surgery was rescheduled for May 3, 1994. Between May 1993 and when his surgery was rescheduled in March 1994, Golston received regular care from the Health Services Unit at Oakhill for his varied medical conditions. His prison medical records show 25 separate entries during that 10-month period. Golston's May 3, 1994 surgical appointment was canceled in April 1994 when the Wisconsin Department of Corrections Bureau of Health Services learned that May 3 was also Golston's mandatory release date.
 
 
 4
 We review a grant of summary judgment de novo. Langston v. Peters, 100 F.3d 1235, 1237 (7th Cir.1996). Summary judgement is appropriate when, considering the evidence in the light most favorable to the non-movant, there is "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).
 
 
 5
 To succeed on his claim, Golston must show that the defendants were "deliberately indifferent to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The defendants do not dispute that Golston's medical needs were serious; thus, the only issue in this case is whether the defendants acted with deliberate indifference. A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Delay in providing treatment may "evidence deliberate indifference." Langston, 100 F.3d at 1240. However, "the Eighth Amendment is not a vehicle for bringing claims for medical malpractice." Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir.1996), cert. denied, 519 U.S. 1126, 117 S.Ct. 980, 136 L.Ed.2d 863 (1997).
 
 
 6
 Dr. Dasgupta did not exhibit deliberate indifference to Golston's need for surgery. First of all, the record shows that Dr. Dasgupta did not have authority to schedule Golston's surgery. The surgery was to be performed by doctors at the University of Wisconsin Hospital. Dr. Dasgupta's role was limited to submitting requests for medical procedures that were subject to approval by Dr. George Daley, the medical director of the Wisconsin Department of Corrections Bureau of Health Services. Once Dr. Daley approved Dr. Dasgupta's requests, the University of Wisconsin doctors controlled the actual scheduling of the surgery.
 
 
 7
 Second, the delays Golston experienced were due primarily to the need to correct other medical problems prior to his surgery. Golston was originally scheduled to have surgery on May 18, 1993, but Dr. Lange at the hospital canceled the appointment a week before the surgery because a routine preoperative check determined that Golston had blood in his urine, and had been experiencing severe headaches for several weeks. The prison medical system perhaps was slow in resolving the issues raised by the preoperative check; this delay might be negligence, but it is not cruel and unusual punishment. Clearly, Dr. Dasgupta was not indifferent to Golston's pain, because he prescribed pain killers for Golston, and he restricted Golston to light duty work in March 1993, and to no work status in December 1993. Summary judgment in favor of Dr. Dasgupta was appropriate.
 
 
 8
 As for Nurse Kleinsteiber, Golston has not brought forward any evidence to contradict the allegation in Dr. Daley's affidavit that Nurse Kleinsteiber had nothing to do with the scheduling of Golston's surgery. While Nurse Kleinsteiber canceled Golston's May 3 surgery appointment on behalf of the Bureau, she did so on orders from the Bureau Director because May 3 was Golston's mandatory release date. There is no evidence in the record to show that Nurse Kleinsteiber was indifferent to Golston's pain. Therefore, summary judgment in her favor was also appropriate.
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)